# PENOBSCOT BOOM CORPORATION *vs.* IRA WADLEIGH & al.
## SAME *vs.* SAME.

In an action for the recovery of boomage on a quantity of logs, evidence that the defendant had lost other logs which had come into the boom in the same season, but in a different lot or parcel, through the neglect of the plaintiffs, is inadmissible.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The distinction between this case and that of same plaintiffs v. *Lamson, ante p.* 224, will be sufficiently understood from the opinion of the Court.

*Rogers* argued for the defendants, and cited *Taft* v. *Montague,* 14 *Mass. R.* 282.

Penobscot Boom Corporation *v.* Wadleigh.

*A. G. Jewett,* for the plaintiffs, said, that the demand sued for, and that for which a set-off is claimed, are entirely distinct, and relate to different descriptions of logs, coming to the boom, at a different time. The claim set up is to recover damages for an injury done, and is not the subject of set-off. The case has been decided in principle, in *Prop. Side Booms* v. *Weld,* 6 *Greenl.* 105.

The opinion of the Court was by

SHEPLEY J. — The principal questions arising in these cases have been decided in the case of the *same corporation* v. *Lamson.* The only remaining point insisted upon at the argument relates to the exclusion of the testimony offered to prove, that through the neglect of the corporation the defendants had suffered by the loss of other " logs which had come into the boom during the same season." This evidence was rejected, because it did not apply to the same lot or parcel of logs for the toll of which the suit was brought.

The general rule, without noticing the limitations, is, that when one is called upon to pay for services performed, he may defend himself by shewing that through the fault of the other party he has derived no benefit from them. But it does not embrace a case where the service has been faithfully performed upon the matter in suit, and the defendant has suffered loss through the neglect or misconduct of the plaintiff in relation to other matters not in suit. The plaintiff could never be expected to come prepared to try questions not arising out of the matter then in controversy. To permit such a defence would not only operate as a surprise upon the plaintiff, but would bring into that controversy matters having no connexion with it. Such a claim for uncertain damages could not have been filed in set-off. *Austin* v. *Foster,* 7 *Pick.* 345 ; *Adams* v. *Manning,* 17 *Mass. R.* 178.

The other questions, having been decided in other cases, are not noticed here.

*Exceptions overruled.*